**Gary SAULS, Plaintiff–Appellant,**

v.

**NEW YORK CITY DEPARTMENT OF CORRECTION, Michael Guarneri,[1] Defendants–Appellees.**

**Docket No. 04–5417–CV.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2005.

Gary Sauls, Marcy, N.Y. (on submission). for Plaintiff–Appellant, pro se.

Victoria Scalzo, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y. (on submission). for Defendants–Appellees.

PRESENT: CALABRESI, KATZMANN and RAGGI, Circuit Judges.

1.  We note that our official caption misspells Guarneri's name as "Guerreri."

## SUMMARY ORDER

Plaintiff–Appellant Gary Sauls ("Sauls") appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Sauls argues that Defendants–Appellees the New York City Department of Correction ("DOC") and Michael Guarneri ("Guarneri"), the Assistant Deputy Warden at the prison facility at which Sauls was incarcerated in June 2001, violated Sauls's Eighth Amendment rights by improperly preventing him from picking up his evening anti-depressant medication. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Sauls claims that his name was mistakenly left off the list of those inmates scheduled to receive medication on the evening of June 14, 2001. He therefore gave his prisoner identification card to another inmate who was going to the pharmacy, so that that inmate might retrieve the medication for him. Sauls was later given permission to go to the pharmacy himself. On his way there, Sauls was stopped by Guarneri, who ordered him back to his cell because Sauls was not carrying his identification card. Sauls received his medication 24 hours later.

To state a claim under § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, Sauls must show that the defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir.2000). Allegations of mere negligence are not sufficient. *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir.1996).

None of Sauls's allegations amounts to more than an assertion of possible negligence on Guarneri's part in not investigating further the reason why Sauls was not carrying his identification card, or the medical condition prompting his trip to the pharmacy. And nothing alleged before the district court would suggest any liability on the part of the DOC.

On appeal, for the first time, Sauls alleges, in a conclusory fashion, that the DOC systematically fails to take care that prisoners receive their medication. This allegation, were it supported by evidence, might be sufficient to survive a Rule 12(b)(6) motion. *See Webb v. Goord*, 340 F.3d 105, 110 (2d Cir.2003) ("[T]he necessary foundation of a finding that a prison *system* has violated the Eighth Amendment is evidence of a concerted intent among prison officials, one expressed through discernable regulations, policies or practices."). But since the allegation is purely conclusory, and since it is raised for the first time on appeal, *see Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976), we do not consider it.

We have considered all of Sauls's arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.